UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEL TATE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER OWENS;<br>CORRECTIONAL OFFICER RIOS,<br>SGT. ALEXANDER; SGT. GARCIA,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-00199-H-MDD<br><br>**ORDER DENYING MOTION FOR ORDER PERMITTING SERVICE BY PUBLICATION**<br><br>[Doc. No. 8.] |

On May 11, 2021, the Clerk set a hearing for an order to show cause for failure to prosecute. (Doc. No. 5.) The Court held the hearing on June 14, 2021, and Chijioke Ikonte appeared on behalf of Plaintiff Markel Tate ("Plaintiff"). (Doc. No. 6.) The Court ultimately declined to dismiss the case. (Doc. No. 7 at 2.) Instead, the Court gave Plaintiff thirty days to file a proof of service or else face dismissal. (Id.) Plaintiff's thirty-day deadline expires August 6, 2021. (See id.)

On August 4, 2021, Plaintiff filed a motion for an order permitting service by publication. (Doc. No. 8.)[1] Federal Rule of Civil Procedure 4(e)(1) permits service in accordance with the law of the state "where the district court is located or where service is made." California permits service by publication with a court order only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner and that . . . [a] cause of action exists against the party." Cal. Civ. Proc. Code § 415.50(a)(1).

Here, Plaintiff fails to demonstrate that he used reasonable diligence to locate Defendants Officer Owens, Officer Rios, Sergeant Alexander, and Sergeant Garcia (collectively, "Defendants"). According to a declaration submitted by Plaintiff's attorney, Plaintiff only attempted to serve Defendants twice since filing the complaint. (See Doc. No. 8-1, Ikonte Decl. ¶ 3, 9.) Further, Plaintiff possessed potentially helpful information that was not used in these initial service attempts. (See id. ¶ 7 & Ex. A.) Plaintiff's attorney provided this information to the Richard J. Donovan State Prison litigation coordinator on August 4, 2021, the same day Plaintiff filed the instant motion. (Id.) Plaintiff's attorney is still waiting to hear back from the litigation coordinator. (Id. ¶ 8.) As a result, Plaintiff's motion is premature. Watts v. Crawford, 896 P.2d 807, 811 n.5 (1995) (explaining due process requires use of service by publication "only as a last resort" after "exhaustive attempts to locate the defendant").

Moreover, Plaintiff's motion fails to meet the statutory requirements of section 415.50(a)(1) of the California Code of Civil Procedure. Pursuant to section 415.50(a)(1), a court may only order service by publication in California if the requesting party submits an affidavit containing facts demonstrating a cause of action exists. Harris v. Cavasso, 137 Cal. Rptr. 410, 411 (Ct. App. 1977). In other words, the plaintiff must "provide independent evidentiary support, in the form of a sworn statement of facts, for the existence

---

[1] The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that Plaintiff's motion is fit for resolution without oral argument and submits it on the papers. Accordingly, the Court vacates the hearing on the motion scheduled for September 7, 2021.

of a cause of action against the defendant." McNamara v. Sher, No. 11-CV-1344-BEN-WVG, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012). Here, Plaintiff submits some documents detailing Plaintiff's allegations against Defendants. (Ikonte Decl. ¶ 7 & Ex. B.) But the Court is unclear whether the allegations referenced in these documents were made under the penalty of perjury. As such, Plaintiff's motion is not supported by an affidavit showing that "a cause of action exists" against Defendants. See Harris, 137 Cal. Rptr. at 411 (holding statute only permits showing by affidavit); Colonize Media, Inc. v. Palmer, No. 120CV01053DADSAB, 2021 WL 1839697, at *3 (E.D. Cal. May 7, 2021) ("California courts have held that an [*sic*] declaration by counsel, and even a verified complaint, are insufficient to meet the jurisdictional requirement."); see also Olvera v. Olvera, 283 Cal. Rptr. 271, 276 (Ct. App. 1991) (explaining courts must strictly comply with statutory requirements because due process disfavors service by publication).

For the foregoing reasons, the Court denies Plaintiff's motion for an order permitting service by publication without prejudice. That being said, one final extension of time for service is appropriate. Accordingly, the Court gives Plaintiff an additional thirty (30) days from the date of this Order to file a proof of service indicating that he properly served Defendants or else face dismissal.

**IT IS SO ORDERED.**

DATED: August 5, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT